# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ADARUS MAZIO BLACK,

    Plaintiff

       v.

U.S. Department of Justice, *et al*,

    Defendants.

**Civil No. 13-1195 (CKK)**

## MEMORANDUM OPINION
(June 24, 2014)

       Plaintiff Adarus Mazio Black submitted a Freedom of Information Act ("FOIA") request with the Executive Office for U.S. Attorneys ("EOUSA") seeking all criminal files possessed by the EOUSA referencing Aida Prendushi and all tape recordings and wiretaps which reference Ms. Prendushi or Ms. Prendushi speaking to "John Beason, Waad Murad, Joey Murad, David White, Joe Hermosillo, Case No. 06-CR-20385-MOB-SDP-1, Undercover Agents, and Reginald Coleman." Dissatisfied with the agency's refusal to search for responsive documents pursuant to the Privacy Act, 5 U.S.C. § 552a, and FOIA Exemptions 6 and 7(C), Plaintiff filed suit against the Department of Justice and the EOUSA on August 2, 2013. Presently before the Court is Defendants' [22] Motion to Dismiss or, in the alternative, for Summary Judgment and Plaintiff's [29] Cross-Motion for Summary Judgment. Upon consideration of the pleadings,[1] the relevant

---

[1] Def.s' Mot. to Dismiss or, in the alternative, for Summ. J. ("Def.s' Mot."), ECF No. [22]; Decl. of David Luczynski ("Luczynski Decl."), ECF No. [22-3]; Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Mot."), ECF No. [29]; Pl.'s Opp. to Def.s' Mot. ("Pl.'s Opp'n."), ECF No. [31]; Def.s' Opp'n to Pl.'s Cross-Mot. for Summ. J. and Reply to Pl.'s Opp'n. ("Def.s' Opp'n."), ECF No. [34]; Pl.'s Reply to Def.s' Opp'n. to Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Reply"), ECF No. [37]. Shortly after filing his Cross-Motion for Summary Judgment and his Opposition to

legal authorities, and the record as a whole, the Court finds that the parties have not provided sufficient information from which the Court can evaluate whether the information requested by Plaintiff is already in the public domain and whether Defendants have properly refused to conduct a search pursuant to FOIA Exemption (7)(C). Accordingly, Defendants' [22] Motion to Dismiss or, in the alternative, for Summary Judgment and Plaintiff's [29] Cross-Motion for Summary Judgment are HELD IN ABEYANCE pending supplemental briefing from Defendants.

## I.    DISCUSSION

Defendants move the Court to dismiss this case or, alternatively, to enter summary judgment in Defendants' favor, arguing that Defendants properly refused to conduct a search for responsive documents pursuant to FOIA exemptions 6 and 7(C).[2]  *See* ECF No. [22].  Plaintiff cross-moves the Court to enter summary judgment in his favor, arguing that (1) no FOIA exemption can be invoked in this case because the records sought were previously publicly disclosed; (2) Defendants have not conducted a reasonable search because they have not made a determination as to whether the putative beneficiaries of the 7(C) exemption are alive or dead; (3) Exemption 7(C) was not properly invoked because the public interest in disclosure of these documents outweighs any privacy interests; and (4) Defendants' invocation of Exemptions 6 and 7(C) cannot be upheld without Defendant first producing a *Vaughn* index.  Plaintiff also requests

Defendants' Motion, Plaintiff also filed a document entitled "Motion to Compel Production of a *Vaughn* Index."  The Court let this document be filed as part of Plaintiff's Cross-Motion for Summary Judgment, not as a separate motion.  *See* ECF No. [33].

[2] As Plaintiff does not dispute the fact that the records at issue in this case were compiled for law enforcement purposes as required for Exemption 7(C), the Court has "no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)."  *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011).

limited discovery "in order to properly present certain arguments."

The Court finds that it cannot resolve the parties' cross-motions on the present briefing for two reasons. First, Defendants have not responded to Plaintiff's public domain argument. Plaintiff contends that Defendants cannot properly withhold any documents responsive to Plaintiff's request because the information he seeks is already in the public domain. Specifically, Plaintiff alleges that the records he seeks were previously publicly disclosed "both in open court and as a formal pleading for mitigating purposes via a supplement to the Capitol Case Committee during the death penalty certification process." Pl.'s Opp. at 12-13. Plaintiff focuses on an audio/video tape recording from October 12, 2004, which he claims was entered into the public record and was responsive to his FOIA request. Defendants have failed to offer any response to this argument precluding the Court from fully evaluating Plaintiff's argument. Accordingly, the Court shall HOLD IN ABEYANCE the parties' cross-motions and order Defendant to file supplemental briefing addressing whether Plaintiff has made a sufficient argument for applying the public-domain doctrine to his FOIA request and whether all or any portion of the information requested by Plaintiff is actually in the public domain.

Second, Defendants do not provide any information as to whether the third parties in Plaintiff's FOIA request are alive or dead and do not explain any efforts Defendants have undertaken to ascertain that information. Without this information, the Court is precluded from evaluating Defendants' balancing of privacy interests versus public interests and, thus, Defendant's invocation of Exemption 7(C). *See Schrecker v. DOJ*, 349 F.3d 657, 662 (D.C. Cir. 2003) (in evaluating the Government's invocation of Exemption 7(C), "a court must assure itself that the Government has made a reasonable effort to ascertain life status"); *Schoenman v. FBI*, 575 F.Supp.2d 166, 177 (D.D.C. 2008) (same). If Ms. Prendushi is alive, then she has a privacy

interest protected by Exemption 7(C) and there is no need for the Court to consider the other third parties named in Plaintiff's FOIA request since all of the documents and recordings sought by Plaintiff necessarily reference Ms. Prendushi.  If Ms. Prendushi is not alive, then her privacy interest is likely extinguished and the life status and privacy interest of the other third parties referenced in Plaintiff's FOIA request (John Beason, Waad Murad, Joey Murad, David White, Joe Hermosillo, undercover agents, and Reginald Coleman) must be weighed by the Court. Accordingly, the Court hereby HOLDS IN ABEYANCE the parties' cross-motions as to the propriety of Defendants' invocation of FOIA Exemption 7(C) until Defendants provide supplemental briefing addressing the efforts they have made to ascertain the third parties' life status and any information they have regarding the third parties' life status.

As the Court cannot properly address whether Defendants have correctly refused to conduct a search pursuant to Exemption 7(C) without further information from Defendants, the Court also declines to address any of the parties' remaining arguments about the propriety of invoking Exemption 7(C) or the need for a *Vaughn* index or discovery in this case.

## II.     CONCLUSION

For the foregoing reasons, the Court HOLDS IN ABEYANCE the parties' cross-motions for summary judgment until Defendants have provided supplemental briefing addressing the public-domain doctrine as applied to this case and the life status of the third parties named in Plaintiff's FOIA request.

An appropriate Order accompanies this Memorandum Opinion.


_____*/s/*_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE